IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-291-M

NOEL VINCENT THOMAS, )
)
   Plaintiff, )
) **ORDER and**
v. ) **MEMORANDUM &**
) **RECOMMENDATION**
NORTH CAROLINA MUTUAL LIFE )
INSURANCE COMPANY, MICHAEL )
LAWRENCE, ALABAMA DEPARTMENT )
OF INSURANCE, JAMES FINN, NORTH )
CAROLINA DEPARTMENT OF )
INSURANCE, and JOHN HOOMANI, )
)
   Defendants. )

   This pro se case is before the court on the application [DE #1] by Plaintiff Noel Vincent Thomas to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred to the undersigned by the Honorable Richard E. Myers II, Chief United States District Judge. For the reasons set forth below, the court grants Plaintiff's application to proceed in forma pauperis and recommends that Plaintiff's complaint be dismissed, in its entirety.

## IFP MOTION

   The standard for determining in forma pauperis status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de*

*Nemours & Co.,* 335 U.S. 331, 339 (1948). Based on the information contained in Plaintiff's affidavit, the court finds that Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. Thus, Plaintiff's application to proceed in forma pauperis is ALLOWED.

## DISCUSSION

### I. Background

Plaintiff sues Defendants in connection with a dispute regarding a loan against a $3,000.00 life insurance policy, number 0184560N, issued to Plaintiff's brother Willie Sullen in 1990. (*See generally* Prop. Compl. [DE #1-2] at 3–18; Exhibit 28, Booker T. Washington Insurance Company Application [DE #1-30].)[1] Upon the death of Plaintiff's sister, Wanda Sullen, in February 2018, papers were discovered in Ms. Sullen's possession indicating that she had taken out a $262.33 loan against the policy in July 2002, unbeknownst to either of her brothers. (Prop. Compl. at 2–3; Exhibit 1, Letter from N.C. Mutual dated 1/4/2018 [DE #1-3]; Exhibit 3, Letter from Willie Sullen dated 6/12/2018 [DE #1-5]; Exhibit 12, Policy Change & Information Letter from N.C. Mutual dated 12/12/2019 [DE #1-14].) At the time of the discovery of this loan by Plaintiff and his brother, Mr. Sullen was incarcerated in Alabama, which made it more difficult for Mr. Sullen to communicate with N.C. Mutual . (Prop. Compl. at 3.) Over the remainder of 2018 and throughout 2019, Plaintiff and his

---

[1] Defendant North Carolina Mutual Life Insurance Company ("N.C. Mutual") acquired Booker T. Washington Insurance Company after the loan was taken out. (*See* Exhibit 12, Policy Change & Information Letter from N.C. Mutual Life dated 12/12/2019 [DE #1-14].) N.C. Mutual assumed the policy in 2010. (Exhibit 29, Letter from N.C. Mutual to Alabama Department of Insurance dated 8/24/2018 [DE #1-31].)

2

brother tried to communicate with N.C. Mutual about this loan, being met with difficulty because Plaintiff was not the owner of the policy and Mr. Sullen remained incarcerated. Finally, in December 2019, Plaintiff became the owner and primary beneficiary of the policy. (Exhibit 11, Letter from N.C. Mutual dated 12/12/2019 [DE #1-13]; Exhibit 12, Policy Change & Information Letter from N.C. Mutual dated 12/12/2019 [DE #1-14].) Plaintiff requested surrender/withdrawal of the policy in June 2020, but N.C. Mutual refused because the company had been placed in rehabilitation by the N.C. Department of Insurance in 2018 and the state court supervising the rehabilitation had ordered a moratorium on cash surrenders of policies. (Exhibit 24, Letter from N.C. Mutual regarding surrender/withdrawal dated 7/1/2020 [DE #1-26.)

At the end of July 2020, Plaintiff, who resided in (and continues to reside in) Tampa, Florida, filed an action in Hillsborough County, Florida, small claims court against Defendant N.C. Mutual. *Thomas v. N.C. Mut. Ins. Co.*, No. 20-CC-043897 (Fla. Hillsborough Cnty. Ct. 2020); Appellee's Brief, *Thomas v. N.C. Mut. Life Ins. Co.*, No. 2D21-1346, 2021 WL 4691383, at *9 (Fla. Dist. Ct. App. Sept. 1, 2021).[2] Plaintiff brought claims for civil conspiracy, negligence, fraud, and breach of contract; the state court dismissed the civil conspiracy, negligence, and fraud claims and ruled in Plaintiff's favor on the breach of contract claim. (Exhibit 30, Final Judgment in Case No. 20-CC-043897 (Fla. Hillsborough Cnty. Ct. 2020) [DE #1-32]); Appellee's

---

[2] Plaintiff references and attaches portions of N.C. Mutual's appellate brief in the Florida Court of Appeal matter. (Prop. Compl. at 7 (referencing N.C. Mutual's brief); Exhibits 13–14 [DE ##1-15, 1-16].)

Brief, *Thomas v. N.C. Mut. Life Ins. Co.*, No. 2D21-1346, 2021 WL 4691383, at *10. The state court ordered that the policy loan be removed from N.C. Mutual's records, that any interest charges be canceled, and that all loan payments be refunded to Plaintiff. The court further awarded Plaintiff his court costs. *Id.* The Florida Court of Appeal affirmed. *Thomas v. N.C. Mut. Life. Ins. Co.*, 330 So. 3d 535 (Fla. Dist. Ct. App. 2021) (unpublished).

Plaintiff initiated the instant action in August 2022 seeking to bring claims for "fraud, conspiracy, negligence, violations of privacy, equal protection, and due process." (Prop. Compl. at 2.) Plaintiff invokes 42 U.S.C. § 1983, presumably as the basis for his equal protection and due process claims. (*Id.*) Plaintiff also invokes 42 U.S.C. § 1985 and several federal criminal statutes[3] and alleges violations of unspecified Alabama and North Carolina laws. (*Id.*) He seeks to invoke this court's jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question), 1332 (diversity), 1343 (civil rights), and 1367 (supplemental). Plaintiff asserts that venue in this district is proper because the alleged acts occurred in this district. (*Id.*)

## II. Standard for Frivolity Review

Notwithstanding the determination that Plaintiff is entitled to IFP status, the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money

---

[3] 18 U.S.C. § 241 (conspiracy to deprive civil rights); 18 U.S.C. § 1030 (computer fraud); 18 U.S.C. § 1037 (email fraud); 18 U.S.C. § 1038 (false information and hoxes in connection with nuclear, biological or chemical weapons, aircraft piracy, and sabotage of nuclear weapons); 18 U.S.C. § 1341 (mail fraud); 18 U.S.C. § 1349 (mail fraud attempt and conspiracy).

4

damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. In making the "inherently elastic" frivolity determination, *Nagy v. FMC Butner*, 376 F.3d 252, 256–57 (4th Cir. 2004), the court may "apply common sense," *Nasim v. Warden., Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to give a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff must offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001); *see also White*, 886 F.2d at 723 (affirming district court's dismissal of suit as frivolous where complaint "failed to contain any factual allegations tending to support [plaintiff's] bare assertion"). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*,

5

550 U.S. at 570. While the court must read the complaint carefully to determine if the plaintiff has alleged facts sufficient to support her claims, *White*, 886 F.2d at 724, the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive arguments in an attempt to discern the plaintiff's unexpressed intent, *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013).

III. Analysis

"Under *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." *In re Varat Enters., Inc.*, 81 F.3d 1310, 1314–15 (4th Cir. 1996). "Even claims that were not raised in the original suit may be precluded if they arose from the same transaction or occurrence as those raised in the first suit and were available to the plaintiff at the time of the first suit." *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210–211 (4th Cir. 2009) (citing *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42–43 (4th Cir. 1990)).

Here, Plaintiff is attempting to bring an action regarding the same transaction or occurrence that formed the basis of the Florida small claims case he prosecuted. Plaintiff's fraud, conspiracy, and negligence claims were dismissed by the Florida court, and Plaintiff's additional constitutional claims were available to him at the time of that suit as well. *See Ohio Valley Envtl. Coal.*, 556 F.3d at 210–11; *Varat Enters.*, 81 F.3d at 1315–16 (explaining that res judicata bars claims that "might have been presented" in the initial litigation and that "[a]ctual knowledge of a

6

potential claim is not a requirement" for application of res judicata). Accordingly, the claims Plaintiff has raised in this action are barred by res judicata.

Plaintiff's claims are also subject to dismissal as frivolous, for failure to state a claim, or as barred by the Eleventh Amendment. Plaintiff invokes several federal criminal statutes, *supra* note 3, which do not provide a private right of action.[4] *See Tribble v. Reedy*, 888 F.2d 1387, 1989 WL 126783 (4th Cir. 1989) (per curiam) (unpublished) ("Unless there is a clear Congressional intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute."); *Hankins v. United States*, No. 7:20-CV-179-FL, 2021 WL 4437502, at *5 (E.D.N.C. Aug. 30, 2021) (declining to find a right of action under 18 U.S.C. §§ 241, 1341), *mem. & recommendation adopted by* 2021 WL 4428192 (E.D.N.C. Sept. 27, 2021); *Bardes v. Mass. Mut. Life Ins. Co.*, No. 1:11-CV-340, 2011 WL 1790816, at *3–4 (M.D.N.C. May 10, 2011) (no private right of action under 18 U.S.C. § 1037); *Grant v. Alperovich*, No. C12-1045RSL, 2014 WL 1338085, at *6 (W.D. Wash. Apr. 2, 2014) (no private right of action under 18 U.S.C. § 1349).

While two of the federal criminal statutes Plaintiff invokes do create a private right of action, Plaintiff has failed to allege facts that would tend to show facial plausibility. Subsection (g) of 18 U.S.C. § 1030 (part of the Computer Fraud and

---

[4] Private citizens have no rights to criminal prosecution or investigation. *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (no private right to criminal prosecution); *Smith v. McCarthy*, 349 F. App'x 851, 859 & n.12 (4th Cir. 2009) (no private right to criminal investigation). *See also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (noting that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

7

Abuse Act), permits someone to bring a civil action "only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)." 18 U.S.C. § 1030(g). Plaintiff has not alleged any of the required factors. *Id.* at § 1030(c)(4)(A)(i); *see also Phreesia, Inc. v. Certify Global, Inc.*, No. DLB-21-678, 2022 WL 911207, at *4 (D. Md. Mar. 29, 2022) (discussing civil action under § 1030(g)). And "[w]hile 18 U.S.C. § 1038 does create a private right of action, that statute criminalizes 'engag[ing] in any conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed and where such information indicates that an activity has taken, is taking, or will take place that would constitute a violation of numerous predicate criminal acts, including nuclear, biological or chemical weapons, aircraft policy, and sabotage of nuclear weapons." *Traeger v. Thomas*, No. 3:22-CV-3070-SEM, 2022 WL 2440349, at *1 (C.D. Ill. May 31, 2022) (quoting 18 U.S.C. § 1038(a)(1)) (dismissing pro se IFP plaintiff's complaint on frivolity review), *appeal docketed*, No. 22-2166 (7th Cir. July 5, 2022). Plaintiff has not alleged any facts that support a cause of action under § 1038.

Plaintiff's claims against the state insurance agencies and agency employees with whom Plaintiff interacted are barred by the Eleventh Amendment. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Under the Eleventh Amendment, . . .

neither a State nor its officials in their official capacity may be sued for damages in federal court without their consent." *Gamache v. Cavanaugh*, 82 F.3d 410, 1996 WL 174623, at *1 (4th Cir. 1996) (unpublished table decision); *see also Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995). Such immunity "extends as well to state agencies and other government entities properly characterized as 'arms[s] of the State.'" *Gray*, 51 F.3d at 430 (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977); then citing *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)); *see also Teague v. N.C. Dep't of Transp.*, No. 5:07-CV-45-F, 2007 WL 2898707, at *2 (E.D.N.C. Sept. 28, 2007) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984)). It also applies to official capacity claims brought under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. *Quern v. Jordan*, 440 U.S. 332, 337–45 (1979) (§ 1983); *Kirby v. N.C. State Univ.*, No. 5:13-CV-850-FL, 2015 WL 1036946, at *4 (E.D.N.C. Mar. 10, 2015) (§ 1985), *aff'd*, 615 F. App'x 136 (4th Cir. 2015).[5]

---

[5] Plaintiff's proposed complaint cannot be construed to allege individual capacity claims against the investigator from the Alabama Department of Insurance or the general counsel from the North Carolina Department of Insurance. Plaintiff's allegations against these individuals stem from Plaintiff's dissatisfaction with the respective agencies' criminal investigation into the circumstances of the insurance policy loan at issue. (Prop. Compl. at 5, 7–9 (alleging problems with the Alabama Department of Insurance's handling of Plaintiff's complaint, especially that this agency failed to "investigate [the] criminal activities" Plaintiff had reported), 11–12 (alleging that the North Carolina Department of Insurance failed to properly investigate fraud regarding the policy loan and "defend[ed] criminals from the repercussions of their illegal actions").) Plaintiff alleges the individual state agency defendants failed in their duty to investigate fraud and that this means said defendants conspired with N.C. Mutual. Such allegations could support an inference only of official capacity claims. *See Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995) ("One factor indicating that suit has been filed [against a defendant in an individual

As to the due process and equal protection claims, Plaintiff fails to plausibly allege any deprivation of constitutional rights by state actors. As to due process, Plaintiff alleges no facts tending to show that any of the state defendants deprived him of a cognizable property interest and that the procedures implemented by the state actors to cause the deprivation were constitutionally inadequate. *See Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013) (summarizing elements for a procedural due process claim). As to equal protection, Plaintiff alleges no facts tending to show he was "treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Fauconier v. Clarke*, 966 F.3d 265, 277 (4th Cir. 2020) (quotation marks omitted) (quoting *Martin v. Duffy*, 858 F.3d 239, 252 (4th Cir. 2017)).

Lastly, Plaintiff has failed to plausibly allege a § 1985 claim. Section 1985 requires, among other things, that a plaintiff show the alleged conspiracy "was motivated by "a specific class-based, invidiously discriminatory animus." *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995) (first citing *Buschi v. Kirven*, 775 F.2d 1240, 1257 (4th Cir. 1985); and then citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03

---

capacity] might be the plaintiff's failure to allege that the defendant acted in accordance with a governmental policy or custom . . . ." (citing *Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1991))). That Plaintiff, who is proceeding pro se, also seeks punitive and compensatory damages (Prop. Compl. at 25) is not enough to outweigh the nature of the proposed claims and Plaintiff's intent to hold the individual state agency defendants accountable for actions taken in their capacity as state officials. *Compare Biggs*, 66 F.3d at 61 (noting that a plaintiff's request for compensatory or punitive damages may support an inference that a plaintiff is suing a defendant in an individual capacity).

10

(1971)). In addition to failing to allege facts which from which one could plausibly infer that a conspiracy existed between Defendants, Plaintiff has not alleged that the asserted conspiracy was motivated by racial or class-based characteristics.

## CONCLUSION

For the reasons stated above, Plaintiff's application to proceed in forma pauperis [DE #1] is GRANTED and it is RECOMMENDED that Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. Plaintiff is hereby advised as follows:

You shall have until **September 19, 2022**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b) (E.D.N.C. Dec. 2019).

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the

11

Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

This 2nd day of September 2022.

_____
KIMBERLY A. SWANK
United States Magistrate Judge